UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

ERIK RAPPEL

                        Plaintiff,

-against-

COLLECTCORP CORPORATION,

                        Defendant.

-----------------------------------------------------------------

(S.F.) CLASS ACTION COMPLAINT

CV 08 4271

SPATT, J.
TOMLINSON, M

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 21 2008 ★
LONG ISLAND OFFICE

## COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff brings this action on his own behalf and on behalf of all others similarly situated for damages arising from the defendant's violation of §1692 *et seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### Introduction

1. This action seeks redress for the illegal practices of Defendant, concerning the collection of debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### Jurisdiction and Venue

2. This Court has Federal question jurisdiction under 28 U.S.C. § 1331.

3. Venue is proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in this District. Additionally, plaintiff resides in this District.

4. Plaintiff is a resident of the State of New York who resides in Nassau County.

5. Plaintiff is a "Consumer" as that term is defined by § 1692(a)(3) of the FDCPA

1

in that the alleged debt that the defendant, sought to collect from plaintiff is a consumer debt.

6.  Upon information and belief, defendant is an active Arizona corporation, which attempted to collect a debt by using the mail and through the use of violative telephone messages left on the answering machine of the consumer located within the county of Nassau, State of New York.

7.  Defendant is regularly engaged in the collection of debts allegedly owed by consumers.

8.  Defendant is a "Debt Collector" as that term is defined by § 1692(a)(6) of the FDCPA.

9.  Defendant communicated with Plaintiff by leaving several telephone messages on Plaintiff's answering machine during the early part of October of 2008.

10. These messages from the Defendant violate 15 USC, §§ 1692(d) 1692(e).

11. These messages in sum and substance asked that the person receiving the message contact an individual emphasizing the importance of the message without indicating the nature of the call and failing to indicate which company the individual was calling from and the nature of the company's business.

## CLASS ACTION ALLEGATIONS

12. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of plaintiff and all consumers and their successors in interest (the "Class") who have received telephone calls wherein messages were left on individuals answering machines or voice mail, from the Defendant as of one year prior to the filing of plaintiff's complaint until the present, which failed to

identify the purpose of the call and failed to identify where the caller was calling from and the nature of the call as required by statute. Excluded from the Class is the defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of defendant.

13. This action is properly maintained as a class action. This Class satisfies all the requirements of Rule 23 for maintaining a class action.

14. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, 40 or more persons have received debt collection notices from the defendant, which violate various provisions of the FDCPA.

15. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § §1692d and 1692e.

    b. Whether plaintiff and the Class have been injured by the defendant's conduct; and

    c. Whether plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution.

16. Plaintiff's claims are typical of the claims of the Class, and plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

17. Plaintiff will fairly and adequately protect the interests of the Class and have retained experienced counsel, competent in the prosecution of class action litigation.

18. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

19. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action the Class members will continue to suffer losses of statutorily protected rights as well as monetary damages and if defendant's conduct will proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

20. Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate relief with respect to the Class as a whole.

## AS AND FOR A FIRST CAUSE OF ACTION

21. Plaintiff re-alleges and incorporates herein by reference, all the foregoing

4

paragraphs as if set forth fully herein.

22. Upon information and belief, the messages received by the plaintiff were scripted messages that were sent to other consumers.

23. The impact of these messages is to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

24. Section 1692(e) of the Fair Debt Collection Practices Act states that:
"A debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt."

25. Section 1692(d) prevents a debt collector from engaging in any conduct the natural consequences of which is to harass, oppress or abuse any person in connection with the collection of a debt. Section 1692(d)(6) specifically prohibits the placement of telephone calls without meaningful disclosure of the caller's identity.

26. Defendant violated the above sections by leaving messages on the plaintiff's answering machine, which failed to identify in any meaningful way the identity of the caller.

27. Defendant violated § 1692(e) by using false and deceptive means in connection with the collection of the debt, namely, by engaging in the above stated conduct.

**WHEREFORE**, plaintiff respectfully requests that the Court enter judgment as follows:

a) Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative;

b) Awarding plaintiff and the class statutory damages;

c) Awarding plaintiff and the class costs of this action, including reasonable attorneys' fees and expenses; and

5

d) Awarding plaintiff and the class such other and further relief as the Court may deem just and proper.

Dated:  Cedarhurst, New York
        October 20, 2008

Plaintiff requests trial by jury on all issues so triable.

_____
Lawrence Katz
445 Central Avenue Suite 206
Cedarhurst, New York 11516
Telephone  (516) 374-2118
Facsimile  (516) 706-2404