0|F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

ERIK RAPPEL,

                Plaintiff,                  Case No. 2:08-cv-4271-ADS-AK T

v.                                   **FINAL ORDER AND JUDGMENT**

COLLECTCORP CORPORATION,

                Defendant.
-------------------------------------------------------X

On October 21, 2008, plaintiff, Erik Rappel (hereinafter referred to as "Plaintiff" or "Class Representative"), filed the above-captioned class action lawsuit (hereinafter referred to as "Lawsuit") against defendant, Collectcorp Corporation ("Collectcorp"), asserting class claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). Collectcorp denied all liability alleged in the Lawsuit.

On March 17, 2009, after extensive arms-length negotiations and informal discovery, Plaintiff and Collectcorp (hereinafter jointly referred to as the "Parties") entered into a Class Action Settlement Agreement (the "Agreement"), which is subject to review under Fed. R. Civ. P. 23.

On March 18, 2009, the Parties filed the Agreement, along with their Motion for Approval of Class Action Settlement (hereinafter referred to as the "Approval Motion") and proposed Final Order and Judgment.

On April 2, 2009, a Fairness Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the Lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate and in the best interests of the National Class Members and should be approved by the Court.

The Parties now request final certification of the settlement class under Fed. R. Civ. P. 23(b)(2) and final approval of the proposed class action settlement.

The Court has read and considered the Agreement, the Approval Motion, and the record. All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    The Court has jurisdiction over the subject matter of the lawsuit and over all settling parties hereto.

2.    CLASS MEMBERS – Pursuant to Fed. R. Civ. P. 23(b)(2), the Lawsuit is hereby finally certified as a class action on behalf of the following National Class Members:

> All persons residing in the United States who received a telephone call or message from Collectcorp in connection with the collection of a consumer debt incurred primarily for personal, family, or household purposes between October 21, 2007 and April 2, 2009, wherein Collectcorp failed to disclose (a) the call was from a debt collector, (b) the purpose of the call, or (c) its identity, as required by the FDCPA or some similar state law.

3.    CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT – Pursuant to Fed. R. Civ. P. 23, the Court finally certifies Plaintiff as the Class

Final Order and Judgment                    Case No. 2:08-cv-4271-ADS-AKT

Representative and LAWRENCE KATZ of THE LAW OFFICES OF LAWRENCE KATZ as Class Counsel.

4.    <u>FINAL CLASS CERTIFICATION</u> –The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

A.    The National Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

B.    There are questions of law and fact common to the National Class Members, which predominate over any individual questions;

C.    Plaintiff's claims are typical of the claims of the National Class Members;

D.    Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the National Class Members; and

E.    Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy.

5.    The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the settling class members, especially in light of the benefits to the settling class members; the strength of the Plaintiff's case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the national class; and the limited amount of any potential total recovery for the class.

Final Order and Judgment                                        Case No. 2:08-cv-4271-ADS-AKT

6.    STIPULATED INJUNCTION – The Court finally approves and hereby enters the Stipulated Injunction.  Pursuant to the Stipulated Injunction, Collectcorp will be ordered to use its best efforts to ensure that in all telephone communications to a debtor subject to the FDCPA Collectcorp: (a) identifies itself by stating the name of the business; (b) identifies itself as a "debt collector" and/or "bill collector"; and, (c) states that the purpose of the communication is to collect a debt.  The Parties will submit a joint motion to the Court to extinguish the Stipulated Injunction one (1) year after the entry date.

7.    SETTLEMENT TERMS – The Agreement, which is attached hereto as Exhibit A and shall be deemed incorporated herein, and the proposed settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any Order issued by this Court.  The material terms of the agreement include, but are not limited to, the following:

A.    Collectcorp must comply with the aforementioned Stipulated Injunction;

B.    Collectcorp must pay Plaintiff $1,500 for his services as the Class Representative and for his individual settlement; and

C.    Collectcorp must pay Class Counsel a total of $14,000 in attorney's fees, costs, and expenses.

8.    OBJECTIONS AND EXCLUSIONS – No National Class Member has objected to the settlement to date.  Pursuant to Fed. R. Civ. P. 23(b)(2), the National Class Members were not permitted to exclude themselves from the settlement, and so no opportunity for exclusion was provided to the National Class Members.

9.    RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT – Plaintiff, the National Class Members, and their successors and assigns fully, finally, and forever settle, release, and discharge the "Released Parties" (as defined in the Agreement) from the "Released Claims" (as defined in the Agreement), and are forever barred and enjoined from asserting any of the Released Claims in any court or forum whatsoever, except that the National Class Members will have the right to file only a separate individual action against any of the Released Parties for only Money Damages relating to the Released Claims. Neither the Agreement, nor the settlement, settle or release any of the National Class Members' individual claims for Money Damages. Plaintiff, however, fully, finally and forever settles, releases, and discharges all claims asserted in the Lawsuit for Money Damages as well as injunctive relief.

10.    The Lawsuit is hereby dismissed with prejudice in all respects.

11.    This Order  and the agreed-upon one year injunction are not, and shall not be construed as, an admission by Collectcorp of any liability or wrongdoing in this or in any other proceeding.

12.    The parties agree that the Class Action Fairness Act of 2005 (hereinafter referred to as "CAFA"), Pub. L. No. 109-2, 119 Stat. 4, applies in this case, and that pursuant to 28 U.S.C. § 1715(d), an order giving final approval of the proposed class action settlement may not be issued earlier than 90 days after the later of the dates on which this notice was served on the Attorney General of the United States and the attorney generals of each state. On March 25, 2009, Collectcorp served the CAFA notices to the Attorney General of the United States and the attorney generals of each

state.  This Final Order and Judgment, therefore, will not become final until June 23, 2009.  If in the meantime Collectcorp receives any responses to the CAFA notices, the Court will consider those responses in turn.

13.     The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this Order.

IT IS SO ORDERED.

DATED: _____4/2/09_____

_____
THE HONORABLE ARTHUR D. SPATT
UNITED STATES DISTRICT COURT JUDGE

N:\Collectcorp Corporation (9241)\Rappel, Erik (CLASS ACTION) (9241-08-23724)\Settlement Documents\Final Draft Exhibit B Final Order 03.09.09.doc

6

Final Order and Judgment                                    Case No. 2:08-cv-4271-ADS-AKT