UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

ERIK RAPPEL,

        Plaintiff,

v.

COLLECTCORP CORPORATION,

        Defendant.
-----------------------------------------------------------X

Case No. 2:08-cv-4271-ADS-AKT

**STIPULATION AND ORDER FOR INJUNCTION**

For purposes of this Stipulation and Order for Injunction (hereinafter referred to as the "Stipulated Injunction"), the following definitions shall apply:

    A.    "Final Judgment Day" shall mean the day upon which the Final Order and Judgment becomes "Final." The Final Order and Judgment shall become "Final" upon the expiration of any available appeal period following entry of the Final Order and Judgment. If any appeal is filed from the Final Order and Judgment, then Final Judgment Day shall be the first date after the conclusion of all appeals, so long as the Final Order and Judgment is not reversed or vacated.

    B.    "Collectcorp" shall mean Collectcorp Corporation, and any of its predecessors, successors, representatives, and agents.

    C.    "Collectcorp Debt Collectors" shall mean employees, representatives, and agents of Collectcorp who regularly collect or attempt to collect debts owed or due or asserted to be owed or due another.

**MOVANT'S COUNSEL IS DIRECTED TO SERVE A COPY OF THIS ORDER ON ALL PARTIES UPON RECEIPT.**

D. "Telephonic Communications" shall mean the conveying of information by means of a telephone.

WHEREAS, plaintiff, Erik Rappel ("Plaintiff"), asserted class claims against Collectcorp under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*;

WHEREAS, Plaintiff alleged that Collectcorp violated the FDCPA by failing in all Telephonic Communications with debtors subject to the FDCPA to disclose: (a) the call was from a debt collector; (b) the purpose of the call; and (c) Collectcorp's identity;

WHEREAS, Collectcorp, without admitting any liability as to any of the allegations, acknowledges that Plaintiff's claims are the sole catalyst for entering into this Stipulated Injunction.

WHEREFORE, IT IS HEREBY STIPULATED, by and between the Parties, that the following injunction be entered by the Court without further notice or process:

1. Collectcorp shall, within 30 days after Final Judgment Day, use its best efforts to ensure that in all Telephonic Communications with debtors that are governed by the FDCPA that it (a) identifies itself by stating the name of the business; (b) identifies itself as a "debt collector" and/or "bill collector"; and (c) states that the purpose of the communication is to collect a debt.

2. Collectcorp Debt Collectors shall be trained regarding their obligation to provide the advisory notice set forth in ¶ 1.

3. Collectcorp shall use its best efforts to ensure that all existing and newly hired Collectcorp Debt Collectors execute an acknowledgement confirming their understanding of their obligation to provide the advisory notice set forth in ¶ 1.

4. Collectcorp shall not be deemed to be in violation of this Stipulated Injunction in any respect if the Telephonic Communication is not subject to the FDCPA.

5. Every quarter after the Stipulated Injunction is entered for a period of one (1) year, counsel for Collectcorp shall issue a draft report to Class Counsel detailing how Collectcorp has complied with the Stipulated Injunction. Counsel for Collectcorp and Class Counsel shall confer via telephone after issuance of each draft report to discuss Collectcorp's compliance and finalize the injunction report. The Parties will submit a joint motion to the Court to extinguish the Stipulated Injunction after the one (1) year period is over.

6. The Court shall retain jurisdiction to enter further orders as may be necessary or appropriate to implement or enforce the provisions of this Stipulated Injunction. Collectcorp specifically consents to personal jurisdiction and venue in this Court for that purpose.

IT IS SO STIPULATED.

_(signature)_

Lawrence Katz, Esq.
445 Central Avenue, Suite 206
Cedarhurst, NY 11516
Telephone: (516) 374-2118
Facsimile: (516) 706-2404
lkatz@lawkatz.com

Attorney for Plaintiff
and the Class Members

_(signature)_

David Israel, Esq.
SESSIONS, FISHMAN, NATHAN, & ISRAEL, L.L.P.
Lakeway Two, Suite 1240
3850 North Causeway Boulevard
Metairie, LA 70002-1752
(504) 828-3700 Telephone
(504) 828-3737
disrael@sessions-law.biz

Dayle M. Van Hoose, Esq.
SESSIONS, FISHMAN, NATHAN, & ISRAEL, L.L.P.
9009 Corporate Lake Drive, Suite 300-S
Tampa, FL 33634-2367
(813) 890-2460 Telephone
(813) 889-9757 Fax
dvanhoose@sessions-law.biz

Kevin Barry McHugh (KM5924)
LAW OFFICES OF EDWARD GARFINKEL
12 Metrotech Center, 28th Floor
Brooklyn, New York 11201
Telephone: (718) 250-1100
Facsimile: (718) 250-1168
kevin.mchugh@aig.com

Attorneys for Defendant,
Collectcorp Corporation

**ORDER**

IT IS SO ORDERED.

DATED: 7/7/09

_Case Closed Subject to the Terms of the Stipulation_

_____
THE HONORABLE ARTHUR D. SPATT
UNITED STATES DISTRICT COURT JUDGE

N:\Collectcorp Corporation (9241)\Rappel, Erik (CLASS ACTION) (9241-08-2)724)\Settlement Documents\Collectcorp Exhibit C - Stipulation and Order for Injunction.doc